UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MAAS RISENHOOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  22-2869 (UNA) |
| | ) |
| | ) |
| JOSEPH R. BIDEN, JR. *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Emergency Ex Parte Complaint for Temporary Injunction, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 10.  The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "Taken together, [those provisions] underscore the emphasis

1

placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA.*, 355 F.3d 661, 669 (D.C. Cir. 2004) (internal quotation marks and citations omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Taiwan, has sued President Joe Biden in his capacity as Commander in Chief; U.S. Secretary of Defense Lloyd Austin; the Defense Security Cooperation Agency (DSCA); and DSCA Director James Hursch. Compl. Caption. The complaint, consisting of a 24-page screed and eight separately docketed "large" attachments, fails sorely to provide notice of a claim to any relief, much less the requested emergency relief. *See Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (a complaint that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will one containing "an untidy assortment of claims that are neither plainly nor concisely stated") (internal quotation marks and citations omitted)). Consequently, this case will be dismissed by separate order.

Date: October 25, 2022

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge